UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10CR104

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>          Plaintiff, )<br>          )<br>    v. )<br>          )<br>(1) TERRY SCOTT WELCH, )<br>          Defendant. )<br>_____ )<br>PETITION OF BRANCH BANKING AND )<br>TRUST COMPANY. ) | **CONSENT ORDER FOR<br>THIRD PARTY PETITION** |

**THIS MATTER** is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and Petitioner Branch Banking and Trust Company,[1] through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the real property at 208 Paradise Peninsula, Mooresville, North Carolina (hereafter, "the Paradise Peninsula Property") and the real property at Lot 5 of Clipper's Run Subdivision, Iredell County, North Carolina (hereafter, "the Clipper's Run Property"), more particularly identified in the Consent Order and Judgment of Forfeiture (Doc. 14).

---

[1] Although Petitioner did not timely file a petition in this action, Petitioner has provided the Government with sufficient documentation to justify the Government exercising its discretion under 21 U.S.C. § 853(i)(2) to consent to the relief herein. Therefore, the Government consents to the Court treating the facts set forth in this proposed Consent Order as satisfactory for purposes of the formal petition filing requirements of 21 U.S.C. § 853(n)(3).

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided documentation to the Government that Petitioner provided an equity line of credit to Terry Scott Welch and his wife, Amy Owens Welch ("Borrowers"), secured that line of credit via a Deed of Trust on the Paradise Peninsula Property, and has satisfied 21 U.S.C. § 853(n)(6). However, during the ancillary proceeding in this matter, although Petitioner was provided direct notice via Certified Mail of the statutory mechanism and time period for filing a petition asserting an interest in the Paradise Peninsula Property, Petitioner did not timely assert an interest in the Paradise Peninsula Property, the Clipper's Run Property, or any other property identified in the Consent Order.

2. Following issuance of the Consent Order and Judgment of Forfeiture and Petitioner's receipt of service of the Consent Order and Judgment of Forfeiture, Petitioner obtained a Default Judgment in Iredell County District Court (Case 10-CVD-3807) against Borrowers. The Default Judgment ordered Borrowers jointly and severally liable to pay, amongst other amounts, $174,999.30 in principal to Petitioner. The Default Judgment now appears in a title search on the Paradise Peninsula Property and the Clipper's Run Property.

3. By entering into this Consent Order, Petitioner agrees to, upon the closing of the sale of the Paradise Peninsula Property, release and forever discharge its interest in the above-referenced Paradise Peninsula Property and release any deeds of trust, liens, and judgments on the Paradise Peninsula Property. In addition, Petitioner agrees to, upon the closing of the sale of the Clipper's Run Property, release and forever discharge its interest in the

above-referenced Clipper's Run Property and release any deeds of trust, liens, and judgments on the Clipper's Run Property. In exchange for release of the interest, deeds of trust, liens, and judgments, the Government agrees to, upon sale of the Paradise Peninsula Property by the Government, pay Petitioner fifty percent of the net sale proceeds.[2] For purposes of this Consent Order, the term, "net sale proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property, including but not limited to payments to any lien-holders who precede Petitioner in the chain of title. However, regardless of the amount of net sale proceeds obtained by the Government, in no event shall Petitioner be entitled to payment in excess of $87,499.65 (half of the principal amount due and owing to Petitioner pursuant to the promissory note).

4. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Paradise Peninsula Property and Clipper's Run Property, all claims by Petitioner arising from any note or default judgment, the indebtedness for which is secured by the Paradise Peninsula Property and Clipper's Run Property, and all claims by Petitioner against the United States resulting from the incidents or circumstances giving rise to this case.

---

[2] The U.S. Attorney's Office intends to request approval from the Attorney General that the remaining net proceeds after recovery of costs and expenses and payments to any lienholders be "restored" to the Court to pay victims pursuant to 21 U.S.C. § 853(i).

5. Petitioner agrees not to pursue against the United States any rights that it may have under the deed of trust on the Paradise Peninsula Property or the default judgment, including but not limited to the right to initiate foreclosure. Petitioner consents to any Government motion for final order of forfeiture of the Paradise Peninsula Property or Clipper's Run Property. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Paradise Peninsula Property and Clipper's Run Property to the United States and implement this Consent Order, to the extent such action is necessary.

6. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture.

7. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6) but did not timely comply with the procedures set forth in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n), Petitioner is hereby ordered to release and forever discharge any interest in, deeds of trust on, liens, and/or judgments, to the extent that such interest, deeds, liens, or judgments affect title to the Paradise Peninsula Property and Clipper's

Run Property, and the Government is hereby ordered to, upon sale of the Paradise Peninsula Property, disburse fifty percent of net sale proceeds to Petitioner, up to but not exceeding $87,499.65.

2. The Government and Petitioner shall bear their own costs, including attorney fees.

_Signed_
Max O. Cogburn Jr.
United States District Judge

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY
_____  Dated:_____
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated:_____
_____(Name)
_____(Title)
Officer of Petitioner Branch Banking and Trust


_____  Dated:_____
Joe Thompson, Esq.
Rogers Townsend Attorneys at Law
Attorney for Petitioner