UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10CR104

| UNITED STATES OF AMERICA | ) | **FINAL ORDER AND JUDGMENT** |
| --- | --- | --- |
|  | ) | **CONFIRMING FORFEITURE** |
| v. | ) |  |
|  | ) |  |
| (1) TERRY SCOTT WELCH | ) |  |

THIS MATTER is before the Court on Motion of the United States of America for a Consent Order for Third Party Petition and Final Order and Judgment Confirming Forfeiture. This Court previously entered a Consent Order and Judgment of Forfeiture (Doc. 14) and sentenced Defendant, ordering forfeiture of an $11,221,462 money judgment and, amongst other items, the following real property in which Defendant had an interest subject to forfeiture:

> (1) the real property at 208 Paradise Peninsula, Mooresville, North Carolina 28115, more particularly described in a deed recorded at Iredell County Register of Deeds Book 1080, Page 1500 ("the Paradise Peninsula Property"), which constitutes proceeds of fraud conspiracy and

> (2) the real property at Lot 5 of Clipper's Run Subdivision in Iredell County, North Carolina, more particularly described in a deed recorded at Iredell County Register of Deeds Book 1029, Page 18 ("the Clipper's Run Property"), which constitutes substitute property forfeited to partially satisfy the money judgment (hereafter, collectively "the Real Properties").

As detailed fully in the Government's Motion, from June 22, 2010 through July 21, 2010, the Government provided notice of forfeiture by publication (Doc. 31) on www.forfeiture.gov. Furthermore, in June and July 2010, the Government provided notice of forfeiture, via Certified

1

Mail, Return Receipt Requested, to Defendant's Spouse, Amy Owens Welch, who appeared on title to the Real Properties, and to BB&T and United Financial Mortgage Corporation, entities that held deeds of trust. No individuals or entities filed petitions herein. However, the Government has proposed that this Court enter a Final Order and Judgment of Forfeiture that recognizes Defendant's Spouse's partial interest in the Clipper's Run Property and that also allows the Government to sell the Real Properties, subject to payments to BB&T and Bank of America (which has advised the Government that it is entitled to payment under an Ampro/United Financial note).

IT IS, THEREFORE, ORDERED THAT, for the reasons set forth the in the Government's Motion, the Motion is hereby GRANTED and the Real Properties are finally forfeited in their entirety to the Government, subject to the following:

> (1) Defendant's Spouse retains a 50% ownership interest in the Clipper's Run Property and, subject to Defendant's Spouse and the Government agreeing upon a sale, Defendant's Spouse is entitled to payment for her interest upon sale of the Clipper's Run Property;
>
> (2) Bank of America's interest in the Paradise Peninsula Property is defaulted, except that, upon sale of the Paradise Peninsula Property, Bank of America shall be entitled to payment of the lesser of fifty percent of the net sale proceeds of the Paradise Peninsula Property or $310,030.38; and
>
> (3) BB&T's interest in the Real Properties is defaulted, except to the extent that it is recognized in the Consent Order for Third Party Petition signed by the Government and BB&T and entered simultaneously with this Final Order and Judgment of Forfeiture.

All other interests are defaulted and the Government is authorized to pass clear title and warrant good title to any purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7), and to distribute sale

proceeds in conformance with this Final Order and the Consent Order for Third Party Petition.

SO ORDERED.

Signed: January 29, 2014

Max O. Cogburn Jr.
United States District Judge